Miranda Mitchell

1404 Springdale Court,
Palm Beach Gardens, Fl
33403

RECEIVED

NOV - 9 2017

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**1 church street Montgomery al 36104**

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA

2:17-cv-768-mHT-WC

MIRANDA M MITCHELL

D.G.M., minor
Brought by next friend and parent,
Miranda M Mitchell
and those similarly situated
        Plaintiffs,
                v.

STATE OF ALABAMA
Steve Marshall
Alabama Attorney General
501 Washington Ave
Montgomery, Al 36130

COUNTY OF BARBOUR, ALABAMA
Office of the County Counsel

ALABAMA   ADMINISTRATIVE   OFFICE   OF   THE
COURTS;
300 Dexter Ave Montgomery, Alabama 36104

CHIEF JUSTICE ROY S. MOORE
In his official AND individual capacity as Chief Justice of the
Alabama Supreme Court;
300 Dexter Avenue, Montgomery Alabama 36104

JUDGE L. BERNARD SMITHART,
In his official and individual capacity as Judge of Barbour
County Court
303 Broad Street Eufaula, Al 36027

JUDGE JONATHON (MATT) HORNE
In his official and individual capacity as Judge of Barbour County Court,
1 Court Square Clayton, Alabama 36016

MATT HORNE. ESQ
In his official and individual capacity
1 Court Square Clayton, Alabama 36016

CASE no. Tribunal requested

Civil Rights Action, the Americans
with Disabilities amended act section
504 of the rehabilitation act of 1973

Federal Questions and Diversity

File in association federal district
of2:2017-cv-02072

Northern district of California
17- cv -05514- northern district federal

Us district federal district court district of
Northern California cv-6063 (ygr)

U.S. District Court
for the District of Oregon
Number: 3:17CV1722

Us district court for the district of Oregon
3:17 -01669 (SI)

Federal district court of southern district
of New York
17-cv-8484

MATT HORNE. ESQ
In his personal capacity
1 Court Square Clayton, Alabama 36016


MATT HORNE. ESQ
In his business capacity
1 Court Square Clayton, Alabama 36016

WALTER CALTON
In his official and individual capacity as court mediator of the Barbour County Court
312 E Broad St. Eufaula, Al 36027

JENNIFER JOYCE TOMPKINS, ESQ
In her official and individual capacity,
7007 Fulton Court Montgomery, Alabama 36117

JENNIFER JOYCE TOMPKINS, ESQ
In her personal and capacity,
7007 Fulton Court Montgomery, Alabama 36117

LAW OFFICES OF JENNIFER JOYCE TOMPKINS
In her business capacity,
7007 Fulton Court Montgomery, Alabama 36117

JEFFREY M. COMPTON, ESQ
In his official and individual capacity,
110 East Broad Street, Eufaula Alabama 36027 (last known address)

JEFFREY M. COMPTON, ESQ
In his personal capacity,
110 East Broad Street, Eufaula Alabama 36027 (last known address)

JEFFREY M. COMPTON, ESQ
In his business capacity,
110 East Broad Street, Eufaula Alabama 36027 (last known address)

VIRGINIA LUCCI, ESQ
In her official and individual capacity,
8317 Crossland Loop, Montgomery, Al 36117

VIRGINIA LUCCI, ESQ
In her personal capacity,
8317 Crossland Loop, Montgomery, Al 36117

LUCCI LAW FIRM
In her business capacity,
8317 Crossland Loop, Montgomery, Al 36117

DR. BRENT TUCKER
In his official and individual capacity as a psychologist
1518D East Andrew Avenue Ozark, Alabama 36360

HENRY COUNTY DEPARTMENT OF HUMAN RESOURCES
507 Kirkland St, Abbeville Al 36310

BARBOUR COUNTY DEPARTMENT OF HUMAN RESOURCES
276 AL-239 Clayton, Al 36016

ALABAMA LEGAL AID SERVICES
2567 Fairlane Drive, Suite 200 Montgomery, Al 36116

STATE OF FLORIDA
Pam Bondi
Florida Attorney General
Office of the Attorney General
State of Florida
The capital PL-01
Tallahasee, Fl 32399

STEVEN WALKER ESQ
In his official and individual capacity
303 Banyan Blvd. #400 West Palm Beach, FL 33401

LAW OFFICES OF CRITTON LUTTIER & COLEMAN, LLP
In his business capacity
303 Banyan Blvd. #400 West Palm Beach, FL 33401

JENNIFER LABBE ESQ
In her official and individual capacity
12161 Ken Adams Way #211 Wellington Florida 33414

LABBE LAW FIRM
In her business capacity
12161 Ken Adams Way #211 Wellington Florida 33414

CHIEF JUSTICE JORGE LABARGA
In his official and individual capacity as Chief Justice of the Florida Supreme Court;
500 South Duval Street, Tallahassee Fl 32399

**Defendants**

**The United States has an interest herein**


## COMPLAINT

Plaintiffs Miranda M Mitchell and D.G.M. alleges the following:

## INTRODUCTION

1. MIRANDA MITCHELL a qualified individual with a disability, (collectively, "Plaintiffs"), bring this complaint against the above-named Defendants State of ALABAMA and the STATE OF FLORIDA, et al. (collectively "Defendants"), who are public and/or private entities.  From 2010 – present, Defendants have regarded Plaintiffs as having a mental impairment called Munchausen Syndrome by Proxy (MSBP) and discriminated against Plaintiffs according to these perceived mental impairments.  Defendants acted on assumptions and sex-based stereotypes about Plaintiffs' disabilities; and failed to individually analyze what services and supports would be appropriate considering those disabilities.  Defendants refused to provide appropriate individualized treatment and accommodations necessary to ensure that Plaintiffs had full and equal opportunity to court proceedings to which Miranda Mitchell's parental rights and children's custody were at issue.  Moreover, Defendants exploited Plaintiffs' disabilities.

2. Plaintiffs' asked that the court consider plaintiffs' motion for council with this complaint.

3. Defendants' actions, inactions, and omissions here violate Title II of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35; Title III of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12181 *et seq.*, and its implementing regulation at 28 C.F.R. Part 36; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

4. Plaintiffs do not challenge or appeal a lawful State court decision

5. This matter raises an issue of general public importance.

"From the Public Health Perspective:
6. In the judicial system, a norm is established against discrimination on the basis of disability tying law closely to public health.1 Thus; it would seem that justice and public health in many ways are interdependent. However, public health and law are separate disciplines, and as Wendy Parmet, a leading expert on health, disability, and public health law puts it, "The legal perspective contrasts dramatically with a public health population perspective. Legal reasoning tends to rely on analogy and deductive application of rules to facts. Public health works from empirical evidence and probabilistic reasoning." Including persons with disabilities providing equal stance in courts of law necessitates a blueprint that avoids exploitation of disabilities due to legal adversarial tactics"

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this action under 28 U.S.C. § 1331, and 42 U.S.C. §§ 12133 and 12188. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court may grant attorney's fees pursuant to 42 U.S.C. § 12205.

8. **FRCP 5.10 Constitutional challenge to appointing mental health providers or any type of evaluations into a civil family proceeding. FRCP 5.10 Constitutional challenge the GAL**

9. The acts and omissions of Defendants giving rise to this action occurred in Eufaula Alabama and Palm Beach County Florida. Plaintiffs have been situated and aggrieved in Palm Beach County, Florida and Eufaula Alabama during a substantial portion of the events giving rise to this action occurred in Alabama, including present unmitigated harm occurring in this district, making venue proper in this judicial district pursuant to 28 U.S.C. § 1391.

10. Plaintiffs bring a FRCP 5.10 Constitutional Challenge to appointing mental health providers or any type of evaluation and Alabama Support Services into a family court proceeding.

## PARTIES

11. The United States has an Interest herein;

12. Plaintiff, Miranda M Mitchell resides in 1404 Springdale Court, Palm Beach Gardens, Fl. 33403.

13. Plaintiff, D.G.M. is a minor individual who is the child of Miranda M. Mitchell.

14. Defendant State of Alabama et al, including its respective departments, agencies, and other instrumentalities, is a unit of local government in the State of Alabama, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and is subject to the ADA and its implementing regulation. It is a recipient of federal financial assistance.

15. Defendant State of Florida et al, including its respective departments, agencies, and other instrumentalities, is a unit of local government in the State of Florida, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and is subject to the ADA and its implementing regulation. It is a recipient of federal financial assistance.

16. Defendant, THE STATE OF ALABAMA JUDICIAL BRANCH and THE STATE OF FLORIDA JUDICIAL

    BRANCH including its respective departments, agencies, and other instrumentalities, is a unit of local

    government in the State Alabama and the State of Florida , is a "public entity" within the meaning of 42 U.S.C.

    § 12131(1) and is subject to the ADA and its implementing regulation.  It is a recipient of federal financial

    assistance.

17. Defendant, CHIEF JUSTICE ROY S. MOORE in the Courts of ALABAMA in his leadership role as the

    administrators and managers of Alabama's system, its courts, officers, and related offices and programs.  It is a

    recipient of federal financial assistance. It is located 300 Dexter Avenue, Montgomery Alabama 36104 He is sued in

    his individual and official capacities

18. Defendant, Judge Burt Smithart was the Presiding Judge of the Family Division Barbour county Court at the

    time of the events complained of herein, He is located at 303 Broad Street, Eufaula Alabama 36027. He is being

    sued in his official and individual capacities He was both a "public entity" within the meaning of 42 U.S.C. §

    12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its

    implementing regulations.

19. Defendant, Judge Matt Horne was an independent attorney, member of the state and local Bar Association and

    Barbour County Bar Association.  He was both a "public entity" within the meaning of 42 U.S.C. § 12131(1);

    and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its

    implementing regulations.  He is a recipient of federal financial assistance.  He is located at 1 Court Square

    Clayton, Alabama 36016 He is being sued in his official and individual capacities.

20. Defendant, Matt Horne ESQ was an independent attorney, member of the state and local Bar Association and

    Barbour County Bar Association.  He was both a "public entity" within the meaning of 42 U.S.C. § 12131(1);

    and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its

    implementing regulations.  He is a recipient of federal financial assistance.  He is located at 1 Court Square

    Clayton, Alabama 36016 He is being sued in his official and individual capacities

21. Defendant, Virginia Lucci, is an independent attorney, member of the state and local Bar Association and

    Barbour County Bar Association.  She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1);

and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its

implementing regulations. She is a recipient of federal financial assistance. She is located 8317 Crossland

Loop, Montgomery, Al 36117 She is being sued in her official and individual capacities.

22. Defendant, Jeffrey M. Compton is an independent attorney, member of the state and local Bar Association and

Barbour County Bar Association. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and

"private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing

regulations. He is a recipient of federal financial assistance. He is located 110 East Broad Street, Eufaula

Alabama 36027 He is being sued in his official and individual capacities.

23. Defendant, Jennifer Joyce Tompkins, is an independent attorney, member of the state and local Bar Association

and Barbour County Bar Association. She is both a "public entity" within the meaning of 42 U.S.C. §

12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its

implementing regulations. She is a recipient of federal financial assistance. she is located 7007 Fulton Court

Montgomery, Alabama 36117 She is being sued in her official and individual capacities.

24. Defendant, Dr. Brent Tucker, is an independent mental health provider licensed by the State of Alabama and

doing business in 1518D East Andrew Avenue Ozark, Alabama 36360. He is a "private entity" within the

meaning of 42 U.S.C. § 12181 and its implementing regulation. He is both a "public entity" within the meaning

of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the

ADA and its implementing regulations. She/he is a recipient of federal financial assistance. He is a recipient

of federal financial assistance. He is located at 1518D East Andrew Avenue Ozark, Alabama 36360.

25. Defendant, Judge WALTER CALTON ESQ an independent attorney, member of the state and local  Bar

Association and Barbour  County Bar Association. He was both a "public entity" within the meaning of 42

U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA

and its implementing regulations. He is a recipient of federal financial assistance. He is located at 312 e Broad

Street Eufaula, Alabama 36027 He is being sued in his official and individual capacities

26. Defendant, Steven Walker, is an independent attorney, member of the state and local Bar Association and Palm

Beach County Bar Association. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and

"private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located 303 Banyan Blvd. #400 West Palm Beach, FL 33401 He is being sued in his official and individual capacities.

27. Defendant, Law offices of Critton Luttier & Coleman, LLP, is a business, member of the state and local Bar Association and Palm Beach County Bar Association. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located 303 Banyan Blvd. #400 West Palm Beach, FL 33401 He is being sued in his official and individual capacities.

28. Defendant, Jennifer Labbe Esq, is an independent attorney, member of the state and local Bar Association and Barbour County Bar Association. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. she is located 12161 Ken Adams Way #211 Wellington Florida She is being sued in her official and individual capacities.

29. DEFENDANT ASSOCIATION OF A FAMILY AND CONSILATORY COURTS, AFCC is an AFCC is an interdisciplinary, international association of professionals forced upon the plaintiffs to be involved in the lives of children and families through the resolution of family conflict.

## FACTS

30. At all times herein, Plaintiff Miranda M Mitchell is a female and biological mother of D.G.M.

31. The United States Department of Health and Human Services (HHS) and the United States Department of Justice (DOJ) issued a technical assistance manual in August 2015, stating:   "Title II of the ADA applies to the services, programs, and activities of all state and local governments throughout the United States, including child welfare agencies and court systems. The "services, programs, and activities" provided by public entities include, but are not limited to, investigations, assessments, provision of in-home services, removal of children from their homes, case planning and service planning, visitation, guardianship, adoption, foster care, and reunification services. "Services, programs, and activities" also extend to child welfare hearings, custody hearings, and proceedings to terminate parental rights."

32. Title II authorizes suits by private citizens for money damages against public entities that violate § 12132. See 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a).

33. In March 2017, Karin Wolf filed a complaint of disability discrimination and other acts prohibited by The Americans with Disabilities as Amended Act. (ADA/ADAAA) Case no. 2:2017-cv-02072. In her complaint, she claimed her cause of action and included in her cause of action "and those similarly situated."

34. In October 2017, Susan Skipp filed a complaint of disability discrimination and other acts prohibited by The Americans with Disabilities as Amended Act. (ADA/ADAAA) Case no. 17 cv 8484. In her complaint, she claimed her cause of action and included in her cause of action "and those similarly situated."

35. Plaintiffs are similarly situated.

36. In 2012, Ms. Mitchell obtained dissolution of marriage.  The JOD was made without neither Ms. Mitchells or the minor Childs access to the court According to the U.S. Dept. of Justice, gender bias against women in child custody proceedings is prevalent, especially where abuse is alleged (Saunders' report, 2012).

37. The Association of Family and Conciliation Courts (AFCC) promotes the use of "PAS" use of mental health issue such as Munchausen Syndrome by Proxy (MSBP) and other mental health accusations against mothers and children in family courts.

38. It is the policy of the States of Alabama Florida and its agencies to use Munchausen Syndrome by Proxy (MSBP) and other mental health accusations against women and children in family court proceedings.  This policy has a <u>disparate impact</u> that adversely affects women and children.

39. The State of Alabama, et al., failed to inform Ms. Mitchell of their policy to give preferential treatment to fathers, and that they were acting out of financial motivation, to obtain professional fees and federal "access" grants via The Healthy Marriage and Responsible Fatherhood (HMRF) initiative.

40. Because Defendants regarded Ms. Mitchell as having of Munchausen Syndrome by Proxy (MSBP) the court was biased against her according to this sex-based stereotype.  As a result, Plaintiffs could not fully and equally participate in court proceedings.

41. Defendants did not refer Plaintiffs to a disability accommodations coordinator at the courthouse or at any other location, during the pendency of the family court proceedings, nor offer accommodations to the Plaintiffs. As a result, Plaintiffs could not fully and equally participate in court proceedings.

42. Title II entities have not complete self-evaluations for any of the program, policies, interagency agreements that the plaintiffs were forced to use. If such evaluations took place, harm could have been mitigated. per § 35.105 Self-evaluation. Part (d) of this section is important because most entities purport that they did self-evaluations in 1993. However, the law changed twice, and evaluations that take in consideration these changes show a good faith effort on the entity's behalf. This is not the case here. (d) If a public entity has already complied with the self-evaluation requirement of a regulation implementing section 504 of the Rehabilitation Act of 1973, then the requirements of this section shall apply only to those policies and practices that were not included in the previous self-evaluation.

43. Defendants faked the existence of mental health impairment, namely Munchausin Bi- Proxi as a cause of action for segregating Plaintiffs.

44. Defendants stereotyped and stigmatized Ms. Miranda M Mitchell and repeatedly acted on assumptions about Ms. Miranda M Mitchell's Munchausen Syndrome by Proxy (MSBP) mental impairment.

45. Defendants perpetuated the use of Munchausen Syndrome by Proxy (MSBP) to prejudice Ms. Miranda M Mitchell and regarded Ms. Mitchell with this disability she does not have. State and Federal laws such the Health Insurance Portability and Accountability Act of 1996 (HIPAA) provide that an individual has the right to privacy and nondiscrimination, the right to choose and decline their own healthcare providers, the right to a trusting relationship with their mental healthcare providers, and the right to Informed Consent.

46. Further, the Fourth Amendment protects the right to privacy, and the Fifth Amendment protects a person from being compelled to incriminate oneself in such evaluations or therapy ordered by the court.

47. Defendants forced or coerced Plaintiffs into several evaluations where their mental health was questioned by providers Ms. Miranda M Mitchell did not choose and to whom she specifically objected in open court due to lack of trust. Moreover, Plaintiffs mental health was discussed in open court. This created a hostile environment for the Plaintiffs.

48. Ms. Miranda Mitchell also has Hereditary Neuralgic Amyotrophy which results in nerve damage, muscle

    atrophy, winged scapula, weakness, chronic pain, fatigue, extreme weight loss and a low ejection fraction which

    can result in heart failure as well as PTSD a disability she did not have prior to 2010.

49. From 2010 - present, Alabama and Barbour County Court, Florida and Palm Beach County Court has <u>regarded</u>

    Plaintiffs as each having one or more mental health disabilities, mainly Munchausen Syndrome by Proxy

    (MSBP)

50. Miranda M Mitchell is a qualified individual with disabilities within the meaning of 42 U.S.C. §§ 12102 and

    12131(2).

51. D.G.M. is a qualified individual with disabilities within the meaning of 42 U.S.C. §§ 12102 and 12131(2).

52. Munchausen Syndrome by Proxy (MSBP) theory places a sex-based stereotype on women.

53. According to the American Psychological Association (APA), there is no reliable empirical data to support the

    so-called phenomenon of "Parental Alienation Syndrome, or Munchausen Syndrome by Proxy (MSBP) " Or

    alienation this "syndrome" and similar ones are used almost exclusively against women.

54. The APA has repeatedly theory of "Parental Alienation Syndrome, and similar" for inclusion in the Diagnostic

    and Statistical Manual of Mental Disorders.

55. According to the U.S. Dept. of Justice, gender bias against women in child custody proceedings is prevalent,

    especially where abuse is alleged (Saunders' report, 2012).

56. The Association of Family and Conciliation Courts (AFCC) promotes the use mental health accusations against

    mothers and children in family courts.

57. In 2010-2012 Judge Smithart also ordered Plaintiffs into custody evaluations with Jeffrey M Compton to assess

    them. The court ordered Ms. Miranda Mitchell to pay approximately $6000 for the cost of the evaluator; and

    this was a forced and coerced contract.

58. The Barbour County Court did not inform Ms. Miranda Mitchell if this court appointee was vetted by the State

    of Alabama to comply with anti-discrimination statutes.

59. Henry County Department of Human Resources, Barbour County Department of Human Resources, Dr. Brent Tucker, Jeffrey M Compton and Jennifer Joyce Tompkins grilled Ms. Miranda M Mitchell and the child. Jeffrey M Compton used Munchausen Syndrome by Proxy (MSBP) in his report inter alia.

60. From 2010 Mr. Jeffrey M Compton has discussed Ms. Miranda M Mitchell's mental health with her therapist and medical records with her doctor, which in turn, he used against her and included in his written reports. These reports were provided to the Court and Ms. Miranda M Mitchell former husband, and discussed in open court.

61. "Threats to disclose or disclosure of disabled litigants' confidential information is a form of discrimination and violates the Constitutional right to privacy. The Constitution provides that no state shall deny to any person within its jurisdiction the equal protection of the laws and provides for Due Process of law. Disabled Litigants' right to confidentiality is inherent in the ADA/ADAAA statutory scheme as well is protected under several federal and state laws, including the Health Insurance Portability Act (HIPAA). The ADA/ADAAA applied in conjunction with other federal laws, provides protection at a level greater or equal to that provided by other federal and state laws, and prevails over any conflicting the ADA/ADAAA" ADA Title II Technical Assistance Manual, II-1.4200.

62. This includes manifestation of a disability, used against Ms. Mitchell are manifestations of Ms. Miranda Mitchell's actual disability of Hereditary Neuralgic Amyotrophy and PTSD.

63. The defendants' actions and inactions, most relevant are the prohibitions of 42 USC 12203-, which grossly manifested into physiological symptoms including nausea, extreme weight loss, confusion, fatigue, depression and permanent nerve damage and muscle atrophy. Because of the complex nature of HNA and the nerves that are affected, at the time of the court matter Ms. Mitchell had a low ejection fraction and in the past was monitored for heart failure. Ms. Miranda Mitchell was visibly ill and under duress; was unable to cope and communicate effectively in court; and unable to fully understand the proceedings.

64. The State and its agencies did not inform Ms. Miranda M Mitchell if Jeffrey Compton was vetted by the State of Alabama to comply with anti-discrimination statutes.

65. The State of Alabama and the State of Florida et al did not provide Ms. Miranda M Mitchell a full and equal opportunity to benefit from its services in support of reunification with her children.

66. The State of Alabama and the State of Florida, any state agencies involved DCF , and evaluators are obligated to make reasonable efforts to maintain the family unit and to prevent the unnecessary removal of a child from his or her home.  They did not make those efforts in regard to Plaintiffs.

67. The State of Alabama and the State of Florida and its agencies are inaccessible to Plaintiff Miranda M Mitchell

68. Because the Defendants exploited Plaintiffs' disabilities, it has rendered Miranda M Mitchell's diagnoses of PTSD so severe that she does not trust them, has lost faith in the legal system, and cannot effectively communicate with them to retrieve and access her child.

69. Ms. Miranda M Mitchell has experienced physiological impairments accompanying PTSD that negatively affect major life activities and bodily functions - significant loss of sleep, depression, anxiety, difficulty concentrating, and difficulty breathing, inter alia.  Ms. Miranda M Mitchell has had to seek a significant amount of medical treatment to mitigate her condition (i.e. ER visits, therapy, medications).

70. PTSD is not curable.  The duration and manifestations of Ms. Miranda M Mitchell PTSD are greater than six (6) months and are lifelong.  Studies consistently show that individuals with PTSD have an increased risk of dying from coronary heart disease.

71. Defendants have failed to mitigate the ongoing harm complained of herein.

72. Plaintiffs reserve the right to expand these proceedings.

### CAUSE OF ACTION

### COUNT I

### TITLES II AND III OF THE AMERICANS WITH DISABILITIES ACT

73. Paragraphs 1 through affore mentioned are re-alleged and reasserted as if fully set forth here.

74. Miranda M Mitchell is an individual with Hereditary Neuralgic Amytrophy; and regarded by Defendants as an individual having Munchausen Syndrome by Proxy (MSBP) She required appropriate individualized treatment and accommodations necessary to ensure full and equal access to court proceedings concerning her parental

rights and the custody of her minor child D.G.M.; accordingly, she is a qualified individual with a disability as defined by 42 U.S.C. §§ 12102 and 12131(2). PTSD is listed under "predictable assessments" under the ADA and its implementing regulation. Plaintiff's disabilities must be assessed without regard to mitigating measures.

75. D.G.M. is a minor child regarded by Defendants as individuals having Munchausen Syndrome by Proxy (MSBP) and ADHD. They required appropriate individualized treatment and accommodations necessary to ensure full and equal access to court proceedings concerning their custody and their mother's parental rights; accordingly, they are each a qualified individual with a disability as defined by 42 U.S.C. §§ 12102 and 12131(2). Plaintiffs' disabilities must be assessed without regard to mitigating measures.

76. Because the actions complained of herein occurred from 2010 to present, the greatly expanded definition of the ADA Amendments Act of 2008, Final Rule of 2016, and parallel State law changes apply.

77. Ms. Miranda M Mitchell's P.T.S.D. and Hereditary Neuralgic Amytrophy disabilities fall under actual mental impairment/psychiatric injury and physiological impairment, which substantially limit one or more major life activities. Ms. Miranda M Mitchell has records of such impairments.

78. Plaintiffs' Munchausen Syndrome by Proxy (MSBP) disabilities fall under the greatly expanded *regarded as* prong of the ADA. Ms. Miranda M Mitchell has court records of such perceived mental impairments.

79. *Major life activities* and *substantial limitations* are to be construed as broadly as possible under the ADAAA and its implementing regulations.

80. Under the ADAAA, "major life activities" include "major bodily functions."

81. Plaintiffs do not have to identify any major life activity or bodily functions that are substantially limited, under the ADAAA and its implementing regulations, but have.

82. Defendants have subjected Plaintiffs to an ongoing mental war zone from 2010 – present. The U.S. military does not send any personnel on a tour lasting over 278 days as it is found to cause harm.

83. Each day that passes adds incremental harm. Ms. Miranda M Mitchell and Hereditary Neuralgic Amytrophy, PTSD cannot be treated until the ongoing trauma ends. A mitigating measure and remedy would require the restoration of Plaintiff children to Plaintiff mother, per enforcement of the JOD.

84. Defendants have failed to mitigate the harm they have done to Plaintiffs.

85. Unmitigated harm is a continuing cause of action.

86. Ms. Miranda M Mitchell fighting for her child is a major life activity, parenting is a major life

87. Defendants State of Alabama and State of Florida court and agencies and employees you list as defendants are a government or a department, agency, or other instrumentality of a State or State government; accordingly, Defendants are public entities as defined in 42 U.S.C. § 12131(1).

88. Defendants Jennifer Joyce Tompkins, Virginia Lucci, Jeffrey M Compton, Dr. Brent Tucker, Jennifer Labbe, Steven Walker are private entities within the meaning of 42 U.S.C. § 12181. Defendants are subject to both Title II and Title III of the ADA because of contractual arrangements.

89. Title II of the ADA, 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

90. Title III of the ADA, 42 U.S.C. § 12182, provides that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

91. Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(ii), provides that: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other afforded to other individuals."

92. Defendants removed Ms. Miranda M Mitchell children from her custody and effectively terminated her parental rights based on regarding her as having Munchausen Syndrome by Proxy (MSBP) and the sex-based stereotype of that "mental impairment"; regarding her as having Munchausen Syndrome by Proxy (MSBP) and based on Ms. Miranda M Mitchell, Hereditary Neuralgic Amytrophy, PTSD and assumptions about this psychiatric injury. As a result, D.G.M. has been discriminated against on the basis of their association with an individual with a disability.

93. Defendants have intentionally discriminated against Plaintiffs as qualified individuals with disabilities, on the basis and stereotypical assumptions of those disabilities, and through contractual arrangements, in the full and equal opportunity of their services, programs, activities, facilities, privileges, advantages, and accommodations, in violation of Title II of the ADA, as amended, 42 U.S.C. § 12131 *et seq.*, and its implementing regulation at 28 C.F.R. Parts 35; Title III of the ADA, as amended, 42 U.S.C. § 12181 *et seq.*, and its implementing regulation at 28 C.F.R. Parts 36, by, inter alia:

94. Denying Plaintiffs the opportunity to participate in or benefit from Defendants' services, programs, activities, facilities, privileges, advantages, and accommodations in violation of 28 C.F.R. § 35.130(b)(1)(i); and 28 C.F.R. §§ 36.201, 36.202, and 36.203.

95. denying Plaintiffs an opportunity to participate in or benefit from Defendants' services, programs, activities, facilities, privileges, advantages, and accommodations that is not equal to that afforded to Ms. Miranda M Mitchell former husband, in violation of 28 C.F.R. § 35.130(b)(1)(ii); and 28 C.F.R. §§ 36.201, 36.202;

96. limiting Plaintiffs in the enjoyment of the rights, privileges, advantages, or opportunities enjoyed by Ms. Miranda M Mitchell former husband, in violation of 28 C.F.R. § 35.130(b)(1)(vii); and 28 C.F.R. §§ 36.201, 36.202;

97. utilizing criteria or methods of administration that had the effect of subjecting an individual with a disability to discrimination on the basis of disability or that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of Defendants' services, programs, and activities with respect to individuals with disabilities, in violation of 28 C.F.R. § 35.130(b)(3); and 28 C.F.R. §§ 36.301(a) and 36.204;

98. selecting vendors, forcing/coercing Plaintiffs into, and entering into, contractual arrangements to be used to evaluate Plaintiffs' mental health that had the effect of excluding Plaintiffs from, denying them the benefits of, or otherwise subjecting them to discrimination and disparate treatment, or that have the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of Defendants' services, programs, and activities with respect to individuals with disabilities, in violation of 28 C.F.R. § 35.130 (b)(1)(v) and (b)(4); and 28 C.F.R. §§ 36.201, 36.202, and 36.203.

99. failing to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the Defendants can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity, in violation of 28 C.F.R. § 35.130(b)(7); and 28 C.F.R. § 36.302;

100. failing to administer Defendants' services, programs, and activities in the most integrated setting appropriate to the needs of persons with disabilities, in violation of 28 C.F.R. § 35.130(d); and 28 CFR 36.203;

101. failing to operate Defendants' services, programs, activities, and facilities so that, when viewed in its entirety, it is readily accessible to and usable by mothers and their children, in the most integrated setting appropriate, in violation of 28 C.F.R. §§ 35.150 and 35.151; and 28 C.F.R. § 36.203;

102. refusing to offer and provide appropriate individualized treatment and accommodations necessary to ensure full and equal opportunity for Ms. Miranda M Mitchell and D.G.M. to participate in Defendants' programs, services, and activities;

103. stereotyping and stigmatizing Ms. Miranda M Mitchell and repeatedly acting on assumptions about Ms. Miranda M Mitchell's disabilities in violation of 28 C.F.R. § 35.130(h); and 28 C.F.R. § 36.301(b);

104. perpetuating the use of Munchausen Syndrome by Proxy (MSBP) regarding Ms. Mitchell to prejudice against Ms. Miranda M Mitchell and other women in the family courts in violation of 28 C.F.R. § 35.130 (b)(1)(v); and 28 C.F.R. § 36.301;

105. excluding or otherwise denying equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association, in violation of 28 C.F.R. 35.130(g);

106. depriving the Plaintiffs of their honest services;

107. blocking representation by an attorney for Plaintiffs to protect their rights;

108. segregating Plaintiffs from each other based on disability;

109. effectively terminating Ms. Miranda M Mitchell parental rights based on disability and sex;

110. retaliating against Plaintiffs in violation of 28 C.F.R. 35.134;

111. Failing to mitigate the harm that continues through present.

112.     As a result of Defendants actions and inactions, Ms. Miranda M Mitchell and her children D.G.M. are persons aggrieved who have been injured and suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

113.     A Judge is not immune for tortuous acts committed in a purely Administrative, non-judicial capacity. Forrester v. White, 484 U.S. at 227-229, 108 S.Ct. at 544-545; Stump v. Sparkman, 435 U.S. at 380, 98 S.Ct. at 1106. Mireles v. Waco, 112 S.Ct. 286 at 288 (1991).

114.     A state forfeits its sovereign immunity upon accepting the funding under section 504 of the Rehabilitation Act of 1973. Any immunity is abrogated.

115.     The Defendants in this section have not done self-evaluations of their agencies, policies interagency agreements, etc. per § 35.105 Self-evaluation.

## COUNT II

## SECTION 504 OF THE REHABILITATION ACT

116.     Paragraphs 1 through affore mentioned are re-alleged and reasserted as if fully set forth here.

117.     Miranda M Mitchell is an individual with Hereditary Neuralgic Amytrophy and PTSD; and regarded by Defendants as an individual having Munchausen Syndrome by Proxy (MSBP) She required appropriate individualized treatment, accommodations, and full and equal access to court proceedings concerning her parental rights and the custody of her minor children D.G.M. accordingly, she is a qualified individual with a disability.

118.     D.G.M. minor child regarded by Defendants as individuals having Munchausen Syndrome by Proxy (MSBP) and ADHD They required appropriate individualized treatment, accommodations, and full and equal access to court proceedings concerning their custody and their mother's parental rights; accordingly, they are each a qualified individual with a disability.

119.     Defendants are recipients of federal financial assistance.

120.     The Healthy Marriage and Responsible Fatherhood (HMRF) initiative is a $150 million discretionary grant program originally authorized under the Deficit Reduction Act of 2005 and reauthorized under the Claims Resolution Act of 2010.

121.     The State of Alabama and the State of Florida, et al, have a policy and *modus operandi* of discriminating against mothers, particularly <u>single</u> mothers and victims of domestic violence, in order to receive federal grants via The Healthy Marriage and Responsible Fatherhood (HMRF) initiative.  Defendants pit Responsible Fatherhood against the Violence Against Women Act (VAWA) to generate a cyclical need for funding.

122.     See Quillion v Wollcot US 1978, when dissolution is granted the state creates two new families and the "best interest is interest standard is unconstitutional for the state to disturb the families it created. Only by child protective services can the state intercede in families.

123.     Defendants have a pattern and practice of using mental health accusations and discriminatory policies, namely Munchausen Syndrome by Proxy (MSBP) against mothers and children to achieve the goal of getting federal funding via HMRF.

124.     Defendants here used Ms. Miranda M Mitchell family to obtain federal "access" grants via Fatherhood funding to further discriminate against Ms. Miranda M Mitchell and her children.  Defendants gave Ms. Miranda M Mitchell former husband more access to the children to the extent where Ms. Miranda M Mitchell access to the children was completely taken away based on her disabilities and sex-based stereotypes of those disabilities.

125.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides that no qualified individual with a disability, solely by the reason of his or her disability, may "be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

126.     Defendants have discriminated intentionally against Plaintiffs by refusing appropriate individualized treatment and accommodations necessary to ensure full and equal opportunity for Plaintiffs to participate in Defendants' programs in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

127.     As a result of Defendants' actions and inactions, Ms. Miranda M Mitchell and her children D.G.M. are

persons aggrieved who have been injured and suffered pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, and other no pecuniary losses.

128.     Picking v. Pennsylvania R. Co. 151 Fed. 2nd 240; Pucket v. Cox 456 2nd 233

Pro se pleadings are to be considered without regard to technicality; pro se litigants pleadings are not to be held

to the same high standards of perfection as lawyers. Plaintiffs require the accommodation or reasonable

modification of counsel. Please see motion for counsel.

136.     The plaintiffs' are providing Judicial Notice: "a parent who is a party to the lawsuit and who has the

same interests as the child is a proper representative under Fed. R. Civ. P. 17(c). See generally T.W. by Enk v.

Brophy, 124 F.3d 893, 895-97 (7th Cir. 1997); see also In re Chicago, Rock Island & Pac. R.R. Co., 788 F.2d

1280, 1282 (7th Cir. 1986)

## COUNT III

121. Association of Family and Conciliatory Courts and Connecticut chapter of AFCC implements, provides
training, sells programming that violates Titles II and III of The Americans with Disabilities Act. The Title II
and III entities that utilize programming are Judge and lawyers who possess a law degree, a bar exam success
and use of the title II facility of Court that demonstrates their legal acumen. The Title II entities also have and
EEOC that AFCC programming contravenes law. Title III of the ADA, 42 U.S.C. § 12182, provides that: "No
individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods,
services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any
person who owns, leases (or leases to), or operates a place of public accommodation." Since AFCC members
are directly involved in a title II capacity, it is the AFCC that creates programming that
122. Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(ii), provides that: "It shall be discriminatory to afford an
individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly,
or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a
good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other
individuals." Association of Family and Conciliatory Courts and Connecticut chapter of AFCC implements,
provides training, sells programming that violates title III of The Americans with Disabilities Act. The Title II
and III entities that utilize programming are Judge and lawyers who possess a law degree, a bar exam success
and use of the title II facility of Court that demonstrates their legal acumen. The Title II entities also have and
EEOC that AFCC programming contravenes. These legal professional are responsible to follow state and
federal laws.

**Prayer for Relief**

WHEREFORE, Plaintiffs demand judgment against Defendants for the following:

129.     Declare that Defendants have violated Title II of the ADA, 42 U.S.C. §12131 *et seq*., and its implementing regulation, 28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. §12181 *et seq*., and its implementing regulation, 28 C.F.R. Part 36; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

130.     Enjoin Defendants, their officers, agents and employees, and all other persons in active concert or participation with Defendants, as well as any successors or assigns, from engaging in discriminatory policies and practices against individuals based on their disabilities, and specifically from failing or refusing to take appropriate steps to ensure compliance with the requirements of Title II of the ADA, 42 U.S.C. § 12131 *et seq*., and its implementing regulations, 28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. § 12181 *et seq*., and its implementing regulations, 28 C.F.R. Part 36, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

131.     Order Defendants to modify their policies, practices, and procedures as necessary to bring them into compliance with Title II of the ADA, 42 U.S.C. § 12131 *et seq*., and its implementing regulations, 28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. § 12181 *et seq*., and its implementing regulations, 28 C.F.R. Part 36; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

132.     Order the Defendants, their agents and successors in office, and all persons acting in concert with the Defendants to promptly remedy the demonstrated violations of Title II of the ADA and its implementing regulation, and mitigate harm to Plaintiffs;

133.     Terminate Defendants' federal financial assistance;

134.     Assess a civil penalty against defendants as authorized by 42 U.S.C. § 12188(b)(2)(C) to vindicate the public interest;

135.     To reimburse Ms. Miranda M Mitchell for the expenses she incurred with litigation.

136.     To award compensatory and punitive damages to Plaintiffs; $870,000 per plaintiff which equates to $10,000 per month for 87 months from each title entity in their official and individual capacity.

137.    To award Plaintiffs' attorney's fees and costs;

138.    Declaratory relief - The Divorce Decree filed on August 08 2012 in the State of Alabama to be declared void.

139.    Order such other appropriate relief as the interests of justice require.

Signature *Miranda Mitchell*

Name address email and phone number

Miranda M Mitchell
1404 Springdale Ct.
PBG FL 33403
dakotasscent@yahoo.com
561-907-2776