IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MIRANDA M. MITCHELL and D.G.M., a minor, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  Civil Action No: 2:17-cv-768-MHT-WC ) |
| STATE OF ALABAMA., *et al.*, | ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 9, 2017, *pro se* Plaintiffs filed this suit alleging that Defendants violated their rights under Title II and Title III of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act. Doc. 1. Plaintiffs also filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which the undersigned granted (Doc. 8) after Plaintiffs amended the motion with the long-form application (Doc. 6). Along with the filing of the complaint and the motion for leave to proceed *in forma pauperis*, Plaintiffs also requested court-appointed legal counsel (Doc. 3). The undersigned ultimately denied Plaintiffs' request, and several other similar requests (Docs. 7, 9, 13, 14), based upon the conclusion that Plaintiffs' claims did not meet the Eleventh Circuit's standard to appoint counsel in a civil case because exceptional circumstances did not exist, and the legal issues asserted by Plaintiffs were not so novel or complex as to require the assistance of a trained

practitioner, *see* Docs. 12, 18.[1] On January 8, 2018, the undersigned ordered Plaintiffs to amend their complaint to address certain problems raised by the undersigned within the order. Doc. 8. Plaintiffs then requested an extension of time to file the amended complaint, which the undersigned granted. Doc. 11. Plaintiffs requested a second extension to file the amended complaint, which the undersigned granted. Doc. 18. In compliance with the second extension, Plaintiffs filed with the court what has been docketed as a First Amended Complaint and a Second Amended Complaint. Docs. 16, 17. The complaints appear to be the same, and there is no significant difference in the exhibits. *Compare* Doc. 16 *with* Doc. 17. Thus, because the filings are essentially the same, for purposes of the court's obligatory 28 U.S.C. § 1915(e) review, the undersigned will examine the Second Amended Complaint (Doc. 17) and the exhibits attached thereto. Such review instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action); § 1915(e)(2)(B)(i)-(iii).

A review of the sufficiency of Plaintiffs' Second Amended Complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v.*

---

[1] Nonetheless, the undersigned did contact this District's Pro Se Assistance Program ("PSAP") to determine if the program could assist Plaintiffs with portions of the litigation. *See* Doc. 12 at 3, n. 1. However, PSAP informed the undersigned that it would be unable to assist Plaintiffs, presumably due to conflicts of interest with Plaintiffs' named Defendants.

*Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiffs' complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are '"'merely consistent with" a defendant's liability,' however, are not facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v.*

*Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, Plaintiffs' complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

Like Plaintiffs' original complaint, the Second Amended Complaint purports to assert claims under Title II and Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Doc. 1 at 13-22; Doc. 17 at 16-23. These claims stem from a state-court divorce proceeding in which Plaintiff Miranda Mitchell and her minor child, Plaintiff D.G.M., were allegedly discriminated against because Plaintiff Miranda Mitchell was "perceived" to have Munchausen Syndrome by Proxy ("MSBP") by the judge, her ex-husband's attorney, and others involved in the court proceedings.[2] Doc. 17 at 4, ¶ 1. Plaintiffs allege that "[i]t is the policy of the States of Alabama [and] Florida and its agencies to use [MSBP] and other mental health accusations against women and children in family court proceedings[,]" and to give "preferential treatment to fathers[.]" *Id*. at 12,

---

[2] Plaintiff Miranda Mitchell also states that she has hereditary neuralgic amytrophy and post-traumatic stress disorder, although it is unclear whether she believes she was discriminated against because of those disorders. It appears to the undersigned that Plaintiff Miranda Mitchell claims to have the actual qualifying disabilities of hereditary neuralgic amytrophy and PTSD, and that the manifestations of these disabilities caused other actors in the state-court divorce proceeding to perceive that she instead had MSBP. Doc. 17 at 15, ¶ 72 ("This includes manifestation of a disability, used against Ms. Mitchell are manifestations of Ms. Miranda Mitchell's actual disability of Hereditary Neuralgic Amytrophy and PTSD.").

4

¶ 48. Thus, Plaintiff Miranda Mitchell believes that, because other individuals in her divorce proceeding perceived her as having MSBP, "the court was biased against her according to this sex-based stereotype." *Id*. at 12, ¶ 50. As a result, Plaintiff Miranda Mitchell alleges that she and Plaintiff D.G.M. could not "fully and equally participate in court proceedings" because Plaintiff Miranda Mitchell was not referred "to a disability accommodations coordinator at the courthouse or at any other location, during the pendency of the family court proceedings." *Id*. at 12, ¶¶ 50, 51. Plaintiff Miranda Mitchell was given a "dissolution of marriage" in 2012, *id*. at 11, ¶ 46, and it appears that Plaintiff Miranda Mitchell was not awarded custody of Plaintiff D.G.M. as part of the state-court's judgment, *see generally id*. at 15-16.

In the undersigned's order directing Plaintiffs to amend their complaint, the undersigned pointed out several concerns regarding the viability of the claims Plaintiffs asserted. *See generally* Doc. 8. One such concern was whether the statute of limitations had run on Plaintiffs' purported claims. The undersigned specifically noted in the order to amend that the statute of limitations for claims under the ADA and the Rehabilitation Act is two years, and that the limitations period begins to run when a cause of action accrues. *Id*. at 6-7, 8-9. Further, the undersigned pointed out that the cause of action accrues when Plaintiffs knew or should have known that they suffered an injury that forms the basis of their complaint and who inflicted that injury. *Id*. at 7. As Plaintiffs' original complaint alleged wrongs that occurred during a state-court divorce proceeding involving the custody of Plaintiff D.G.M. that ended in 2012 with a decree of divorce, the undersigned stated that Plaintiffs were well past the deadline for filing such claims unless they could show that

5

extraordinary circumstances, which were beyond their control, prevented them from filing the complaint, thus allowing equitable tolling to apply. *Id*. at 9. The undersigned advised Plaintiffs that "[e]quitable tolling typically requires some affirmative misconduct, such as fraud, misinformation, or deliberate concealment. *Jackson v. Astrue,* 506 F.3d 1349, 1355–56 (11th Cir. 2007). '[I]gnorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test.'[3] *Id.* at 1356." Doc. 8 at 7.

      Plaintiffs' Second Amended Complaint fares no better than the original complaint with regards to the undersigned's concern regarding the statute of limitations. Assuming for the purposes of this recommendation that Plaintiffs have a qualifying disability covered by the ADA and the Rehabilitation Act, any denial of access to services or discrimination based upon such a disability occurred no later than the final divorce decree was entered in 2012. Indeed, the Second Amended Complaint alleges that "Defendants regarded Ms. Mitchell as having of Munchausen Syndrome by Proxy (MSBP) . . . the court was biased against her according to this sex-based stereotype. As a result, Plaintiffs could not fully and equally participate in court proceedings." Doc. 17 at 12. Further, Plaintiffs allege "Defendants did not refer Plaintiffs to a disability accommodations coordinator at the courthouse or at any other location, during the pendency of the family court proceedings, nor offer accommodations to the Plaintiffs. As a result, Plaintiffs could not fully and equally participate in court proceedings." *Id*. Amongst other allegations, Plaintiffs state

---

[3] This principle also applies to *pro se* litigants. *See Wakefield v. R.R. Ret. Bd.,* 131 F.3d 967, 969–70 (11th Cir. 1997) (rejecting the contention that *pro se* status warranted the application of equitable tolling and applying the usual rule that ignorance of the judicial process does not warrant equitable tolling).

that the state court (between 2010-2012), ordered them into custody evaluations with a guardian *ad litem*, *id*. at 14; that Plaintiff Miranda Mitchell's privacy was violated when Defendants filed a report in the state-court proceeding that "was very private in nature[,]" *see id*. at 13; that Plaintiffs' mental health was discussed openly in court, *id*.; and that the State of Alabama and the State of Florida did not provide Plaintiff Miranda Mitchell "a full and equal opportunity to benefit from its services in support of reunification with her children[,]" *id*. at 15. Because these allegations all stem from actions or inactions by Defendants that occurred during Plaintiff Miranda Mitchell's state-court divorce proceeding, the last possible time that Plaintiffs' rights were violated under the ADA or the Rehabilitation Act occurred in 2012 when the divorce decree was entered. At that time, the cause of action accrued, and the statute of limitations began to run. There is no information in Plaintiffs' Second Amended Complaint that would lead the undersigned to believe that Plaintiffs did not know or should not have known at that time that their rights were violated and who violated those rights, and the Second Amended Complaint does not suggest any type of fraud, misinformation, or deliberate concealment on the part of Defendants to prevent Plaintiffs from filing suit. Thus, without any information that could lead the undersigned to conclude that Plaintiffs claims should be equitably tolled, the undersigned must conclude that the claims are time-barred, and that the Second Amended Complaint should be dismissed prior to service of process for failure to state a claim.

To be sure, Plaintiffs do allege that certain grievances that resulted from the state-court interaction have continued to the present. For example, Plaintiffs' Second Amended Complaint states that "[f]rom 2010 — present, Defendants have regarded Plaintiffs as

7

having a mental impairment called Munchausen Syndrome by Proxy (MSBP) and discriminated against Plaintiffs according to these perceived mental impairments." Doc. 17 at 4, ¶ 1. Plaintiffs also allege that the suit "is a lawsuit for damages arising from defendants plaintiffs 14th amendment civil rights violation that are ongoing. Exhibit 2: Child Welfare Technical Assistance Manual[,]" *id*. at 10, ¶ 39 (no alteration to original); that "[f]rom 2010 — present, Alabama and Barbour County Court, Florida and Palm Beach County Court has regarded Plaintiffs as each having one or more mental health disabilities, mainly [MSBP,]" *id*. at 13, ¶59; that Plaintiff Miranda Mitchell "has experienced psychological impairments accompanying PTSD that negatively affect major life activities and bodily functions[,]" and that she has "had to seek a significant amount of medical treatment to mitigate her condition[,]" *id*. at 16, ¶ 79; and that "[b]ecause the Defendants exploited Plaintiffs' disabilities, it has rendered Plaintiff Miranda M Mitchell's diagnosis of PTSD so severe that she does not trust them, has lost faith in the legal system, and cannot effectively communicate with them to retrieve and access her child[,]" *id*. at 16, ¶ 78.

While it appears that Plaintiffs attempt to establish ongoing harm or continuing violations of the ADA and Rehabilitation Act with these facts and thereby possibly circumvent the applicable two-year statute of limitations, the attempt falls short. Even assuming these allegations are true, they do not allege that Plaintiffs, as presumably qualified individuals, are being "excluded from participation in or be[ing] denied the benefits of the services, programs, or activities of a public entity, or be[ing] subjected to discrimination by any such entity[,]" as protected by Title II of the ADA. *See* 42 U.S.C. § 12132. Nor do the allegations show that Plaintiffs, as presumably qualified individuals, are

being "excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination under any program or activity receiving Federal financial assistance[,]" as protected by the Rehabilitation Act. *See* 29 U.S.C. § 794(a). Instead, the allegations, at their core, pertain to the *effects* of the actions or inactions by Defendants that occurred during the state-court divorce proceeding. Unfortunately for Plaintiffs, those effects are not themselves separate violations of the ADA or the Rehabilitation Act, and, therefore, do not reset the clock as actionable violations of either Act. *See generally Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (indicating, in the employment context, that a continuing violation of the ADA must consist of more than merely the lasting effect of a past act); *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 560 (1977) (same); *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (1979) (noting that, in a Title VII discrimination case, "[t]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful") (emphasis added); *Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir. 1974) (when a violation alleged involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the unlawful *conduct* ceases); *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) ("The critical distinction in continuing violation analysis . . . is whether the plaintiff[ ] complain[s] of the present consequence of a one[-]time violation, which does not extend the limitations period, or the continuation of a violation into the present, which does."); *McGregor v. La. State Univ. Bd. of Sup'rs*, 3 F.3d 850, 855 (5th Cir. 1993) (recognizing that "[a] plaintiff cannot use the continuing violation theory to resurrect claims about discrimination . . . concluded in the past, even though its effects persist").

9

Accordingly, despite Plaintiffs' possible attempt to circumvent the statute of limitations by alleging ongoing harm or continuing violations of the Acts, equitable tolling does not apply to their claims, making them time-barred.

Given all of the above, the undersigned finds that Plaintiffs' Second Amended Complaint fails to state a claim under the ADA or the Rehabilitation Act because the claims are time-barred.[4] Thus, for the reasons stated above, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiffs' Second Amended Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) prior to service of process.  It is further

ORDERED that Plaintiffs are DIRECTED to file any objections to the said Recommendation on or before **April 24, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the

---

[4] The undersigned notes that there are other problems with Plaintiffs' complaint. First, Plaintiffs have not alleged that any of the discrimination occurred in a "place of public accommodation" that is covered under Title III of the ADA. *See* 42 U.S.C. § 12182(a). Thus, the undersigned could alternatively conclude that Plaintiffs have failed to state a claim under Title III of the ADA. Second, without delving into the analysis as to each Defendant listed by Plaintiffs in the complaint, it appears that at least several would not be proper under Title II of the ADA, as Title II does not permit individual capacity suits. Further, Plaintiffs have not sufficiently alleged that they have a qualified disability under the ADA or the Rehabilitation Act, nor have they shown that they requested access to any particular program and were denied access to the same. Nonetheless, because the undersigned has concluded that Plaintiffs' claims are time-barred, and that the complaint should be dismissed in its entirety on that basis, the undersigned will not examine the additional reasons that Plaintiffs' claims are problematic.

District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 10th day of April, 2018.

                                          /s/ Wallace Capel, Jr.
                                          CHIEF UNITED STATES MAGISTRATE JUDGE